UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID L. JOYCE,                    :

        Plaintiff,                 :

                                   :          PRISONER
V.                                 :   CASE NO. 3:12-cv-901(RNC)

WARDEN SCOTT SEMPLE, et al.,   :

        Defendants.                :


INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate, brings this action pro se
under 42 U.S.C. § 1983 against Warden Scott Semple, Correctional
Officers ("COs") Hailstones, Coggins, Bragan and Chicano, Nursing
Supervisor P. Morris, Dr. Valletta, Lieutenants Harpin and
Lepaoja and District Administrator A. Quiros.[1]  The complaint
seeks damages and other relief for excessive use of force and
denial of medical care in violation of the Eighth Amendment,
spoliation of evidence and denial of due process in violation of
the Fourteenth Amendment, and several violations of state law.

Under 28 U.S.C. § 1915A, the Court is required to review the
complaint and dismiss any portion of it that is frivolous or

---

[1]In the case caption, the plaintiff states that all
defendants are named in their individual and official capacities.
In the body of the complaint, the plaintiff indicates that he
names Correctional Officers Hailstones, Coggins, Bragan and
Chicano in their individual capacities only.  Doc. #1 at 2.  To
the extent that the complaint may be construed to seek
declaratory or injunctive relief against the correctional officer
defendants, the Court considers all defendants to have been named
in their official and individual capacities.

malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Though detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

I.  Allegations

The complaint alleges the following.

A.  Use of Excessive Force

On February 15, 2012, at Garner Correctional Institution, CO Hailstones approached the plaintiff in the recreation yard, threatened him and then punched the plaintiff in the face.  CO Bragan watched and then held the plaintiff's arms while CO Hailstones continued the assault.  COs Chicano and Coggins responded to the recreation yard and participated in the assault, which included slamming the plaintiff's head into a brick wall. The plaintiff did not resist any orders from the officers.  The

plaintiff suffered lacerations to his face, ear and head,
abrasions and bruises to his head, fact, legs and arms, and a
possible concussion and fractured cheekbone.

    B.   Denial of Due Process

    Following the assault, CO Bragan issued the plaintiff a
false disciplinary report for assaulting CO Hailstones.  On
February 16, 2012, the plaintiff wrote to Warden Semple informing
him of the assault, asking that charges be brought against the
COs and asking that video footage of the assault be preserved.
On February 17, 2012, the plaintiff filed an Inmate
Administrative Remedy including the same requests and spoke to
Warden Semple regarding the assault.

    On February 22, 2012, the plaintiff was transferred to
Cheshire Correctional Institution.  On March 7, 2012, Lieutenants
Harpin and Lepaoja conducted a disciplinary hearing on the
assault charge.  The plaintiff's advocate was not present at the
hearing and the plaintiff was not permitted to view any video
recording of the assault.  Lieutenants Harpin and Lepaoja
disregarded the plaintiff's witness statements and found the
plaintiff guilty of the charge based on documents submitted by
defendants Hailstones, Coggins, Bragan and Chicano and a video
recording.  The plaintiff received sanctions that included
confinement in punitive segregation and loss of earned good time
credit.  Warden Semple and District Administrator Quiros upheld

the disciplinary finding.

    C.   <u>Denial of Medical Care</u>

The plaintiff informed medical staff that he was experiencing pain in his head, face and neck and thought he might have a fractured cheekbone.  The medical staff cleaned the cuts and lacerations and gave the plaintiff band aids to apply to the cuts.  On February 17, 2012, the plaintiff told Nursing Supervisor Morris that he wanted to be examined by a doctor but his request was ignored.  The same day, he submitted a medical grievance requesting treatment for a possible fractured cheekbone and concussion.

The plaintiff also described his symptoms to Warden Semple on February 17, 2012.  The warden said he would arrange for medical treatment.  Three hours later, Dr. Valletta went to the plaintiff's cell and examined the plaintiff's injuries through the cell door window.  The doctor asked the plaintiff about confidential medical information through the door in the presence of other inmates.  A second request for proper medical examination also was ignored.  The plaintiff finally was examined by a doctor on March 7, 2012, after his transfer to Cheshire Correctional Institution.  The plaintiff continues to suffer from pain and stiffness in his neck and cheekbone and severe headaches.

II.  Analysis

    A.  Claims Against Defendants Semple and Quiros

    1.  Due Process

The petitioner claims that defendants Semple and Quiros

violated his right to due process because they failed to overturn

the disciplinary finding.  However, their involvement in

reviewing his appeal cannot serve as a basis for a claim under

§ 1983.

> There is no constitutionally protected right to an
> appeals process and there is no constitutionally
> protected right to a particular outcome.  Even if
> plaintiff's inmate appeals concerned the due process
> violations that allegedly occurred in conjunction with
> plaintiff's disciplinary hearings, defendants' actions
> in reviewing and issuing decisions on the appeals do
> not provide a basis upon which to impose liability
> under section 1983.

Low v. Stanton, No. CIV S-05-2211 MCE DAD P., 2007 WL 2345008, at

*4 (E.D. Cal. Aug. 16, 2007) (citations omitted), report and

recommendation adopted by, 2007 WL 2769251 (E.D. Cal. Sept. 20,

2007); see also Torres v. Mazzuca, 246 F. Supp. 2d 334, 342

(S.D.N.Y. 2003) (inmate had no protected liberty interest in

having grievances investigated to his satisfaction).  Thus, the

plaintiff's due process claims against these defendants are

dismissed pursuant to 28 U.S.C. § 1915A.[2]

_____

    [2] The plaintiff claims that Warden Semple was required to
dismiss the disciplinary charge after viewing the videotape
because the videotape showed the charge was false.  This claim is
dismissed because even assuming the tape is favorable to the
plaintiff, the plaintiff's right to due process with regard to
the disciplinary charge did not include a right to dismissal of

2.  Excessive Force

The plaintiff claims that Warden Semple is liable for the correctional officer defendants' use of excessive force.  Under Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), there are five ways to establish liability on the part of a supervisory official in an action under § 1983: (1) the official directly participated in the alleged constitutional violation, (2) after he was informed of the violation through a report or appeal, the official failed to remedy the wrong, (3) the official created a policy or custom pursuant to which the constitutional violation occurred or permitted such a policy or custom to continue, (4) the official was grossly negligent in supervising the subordinates who committed the wrongful acts, or (5) the official was deliberately indifferent to the plaintiff's rights by failing to act on information that unconstitutional acts were occurring.[3]

The plaintiff attempts to bring his claim against Warden

the charge by Warden Semple prior to a hearing.

[3]  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court stated that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 677. Some courts have concluded that the decision in Iqbal narrows the bases for supervisory liability previously available under Colon.  See e.g., Bellamy v. Mount Vernon Hospital, No. 07 Civ. 1801(SAS), 2009 WL 1835939 at *6 (S.D.N.Y. June 26, 2009); Bryant v. County of Monroe, No. 09-CV-6415-CJS, 2010 WL 4877799 at *3 (W.D.N.Y. Nov. 22, 2010).  In the present case, it is unnecessary to consider the impact of Iqbal on Colon because the allegations regarding Warden Semple's supervisory liability for the correctional officer defendants' use of excessive force are insufficient under the Colon standard.

Semple within part five of <u>Colon</u>.  He alleges generally that the
correctional officer defendants "repeatedly engaged in excessive
force against inmates in the past" and that Warden Semple's
failure "to take disciplinary or other action to curb the known
pattern of physical abuse of inmates by [the correctional officer
defendants] constituted deliberate indifference to the
plaintiff's safety and . . . proximately caused the [assault]."
These allegations are insufficient because they are conclusory in
nature.  Plaintiff alleges no facts showing that Warden Semple
was aware of previous instances of excessive force being used by
the correctional officer defendants.  In the absence of such
allegations, the supervisory liability claim against Warden
Semple based on the correctional officer defendants' use of
excessive force is dismissed pursuant to 28 U.S.C. § 1915A.

    B.  <u>Spoliation of Evidence</u>

    Spoliation of evidence is "the destruction or significant
alteration of evidence, or the failure to preserve property for
another's use as evidence in pending or reasonably foreseeable
litigation." <u>West v. Goodyear Tire & Rubber Co.</u>, 167 F.3d 776,
779 (2d Cir. 1999).  Though the plaintiff includes a claim of
spoliation of evidence, he alleges no facts indicating that
evidence has been destroyed.  The plaintiff seems to be
suggesting that the videotape of the incident might have been
destroyed.  But the complaint alleges that a video recording was

reviewed by the hearing officer defendants.  Thus, the claim for spoliation of evidence lacks a factual basis and is dismissed pursuant to 28 U.S.C. § 1915A.

    C.   <u>Denial of Medical Care</u>

    Plaintiff's claim against Nursing Supervisor Morris and Dr. Valletta for deliberate indifference to a serious medical need also fails to withstand initial review.  To state such a claim, the plaintiff must allege facts demonstrating that the defendant (1) engaged in sufficiently harmful acts or omissions and (2) did so intending to either deny or unreasonably delay access to needed medical care.  See <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 -06 (1976).  There can be no liability unless the plaintiff had an objectively serious medical condition that the defendant failed to treat and the defendant was actually aware of a substantial risk that the inmate would suffer serious harm as a result of the lack of treatment.  See <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279-80 (2d Cir. 2006).  The plaintiff's allegations fall far short.  He alleges that he thought he might have suffered a concussion and broken cheekbone but there is no allegation that he actually suffered either injury.  He does not allege that the failure to provide medical care for whatever injury he actually sustained put him at risk of serious harm.  And he does not allege that either defendant knew he or she was creating a substantial risk of serious harm to the plaintiff by failing to provide treatment.

Accordingly, the claims for deliberate indifference to a serious medical need are dismissed pursuant to 28 U.S.C. § 1915A.

### ORDERS

(1)  The claims against defendants Quiros, Semple and Morris, the Eighth Amendment claim against defendant Valletta and any claim for spoliation of evidence are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  The Clerk is directed to terminate defendants Quiros, Semple and Morris as defendants in this case.  The case will proceed on the other claims against the remaining defendants.

(2)  **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of Correctional Officers Hailstones, Coggins, Bragan and Chicano, Dr. Valletta and Lieutenants Harpin and Lepaoja with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses within **fourteen (14) days** of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure

9

4(d).

(3)   **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on Correctional Officers Hailstones, Coggins, Bragan and Chicano, Dr. Valletta and Lieutenants Harpin and Lepaoja in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within **fourteen (14) days** from the date of this order and to file returns of service within twenty (20) days from the date of this order.

(4)   **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

So ordered this 15th day of August 2012.

_____/s/_____

Robert N. Chatigny
United States District Judge

10