UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 OCT 18 P 1: 28
U.S. DISTRICT COURT
BRIDGEPORT, CONN

DAVID L. JOYCE,           :
    Plaintiff,         :
                       :   PRISONER
V.                         :   CASE NO. 3:12-cv-901(RNC)
WARDEN SCOTT SEMPLE, et al., :
    Defendants.        :

RULING AND ORDER

The plaintiff has filed a motion for reconsideration of the dismissal of claims against defendants Semple, Quiros and Valletta in the court's initial review order. For the following reasons, the motion is denied.

Reconsideration will be granted only if the moving party identifies controlling decisions or data that the court overlooked and that could reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used simply to relitigate an issue that has been decided adversely to the movant. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

The plaintiff fails to identify any facts or law overlooked by the court regarding the due process claims against defendants Semple and Quiros. The motion merely asserts points already considered by the court. Thus, reconsideration of the dismissal of these claims is denied.

The plaintiff attaches to the motion copies of medical records to supplement the Eighth Amendment claim against defendant Valetta.  The medical records show that when the plaintiff was later examined by a doctor at another correctional facility, the doctor doubted the existence of any fracture and prescribed Motrin for the plaintiff's complaint of jaw pain.  This evidence does not warrant reconsideration of the dismissal of the Eighth Amendment medical claims.

The plaintiff, citing <u>Satchell v. Dilworth</u>, 745 F.2d 781, 786 (2d Cir. 1984), argues that the supervisory defendants should have been retained in the action to enable him to serve discovery requests to ascertain the proper defendants in this action.  Unlike the cited case, the plaintiff's complaint identified all the defendants involved in his claims and did not reference any unknown defendants.  Thus, retention of the supervisory defendants is not warranted.

Accordingly, the plaintiff's motion for reconsideration is hereby denied.

So ordered this 18th day of October 2012.

_____/s/_____
Robert N. Chatigny
United States District Judge